T.C. Memo. 2012-328

UNITED STATES TAX COURT

ERIK WILLIAM SKIDMORE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1235-12L.                    Filed November 28, 2012.

Erik William Skidmore, pro se.

Alissa L. Vanderkooi, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  This case is before us on respondent's motion for

summary judgment (respondent's motion) filed pursuant to Rule 121.[1]  We will

grant respondent's motion.

_____

[1]All Rule references are to the Tax Court Rules of Practice and Procedure.
All section references are to the Internal Revenue Code in effect at all relevant
times.

[*2]                              Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Michigan at the time he filed the petition in this case.

Petitioner did not file a Federal income tax (tax) return for his taxable year

2005.[2]  Respondent prepared a substitute for return for that year.

On October 19, 2009, respondent issued to petitioner a notice of deficiency

with respect to his taxable year 2005 (2005 notice of deficiency), which petitioner

received.  In that notice, respondent determined the following deficiency in, and

additions to, petitioner's tax:

|  |  | Additions to Tax Under | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 2005 | $13,570 | $3,053.25 | [1]$2,714 | $544.33 |

[1]The addition to tax that respondent determined under sec. 6651(a)(2) will
continue to accrue from the due date of the tax return for petitioner's taxable year
2005 at a rate of 0.5 percent for each month, or fraction thereof, of nonpayment, not
exceeding 25 percent.

Petitioner did not file a petition with the Court with respect to the 2005 notice of

deficiency.

---

[2]Petitioner alleged in the petition that as of the time he filed the petition he
also had not filed a tax return for any of his taxable years 2006 through 2011.  See
infra text accompanying note 4.

[*3]  On April 26, 2010, respondent assessed the following tax and additions to tax for petitioner's taxable year 2005:

|  |  | Additions to Tax Under | | |
| --- | --- | --- | --- | --- |
| Year | Tax | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 2005 | $13,570 | $3,053.25 | $3,324.65 | $544.33 |

On April 26, 2010, respondent also assessed interest as provided by law on the tax and additions to tax for petitioner's taxable year 2005 that respondent assessed on that date.  (We shall refer to the amounts that respondent assessed on April 26, 2010, as well as interest as provided by law accrued after that date, as the 2005 unpaid liability.)

On April 26, 2010, and on certain dates thereafter, respondent issued to petitioner notices of balance due with respect to his 2005 unpaid liability.

On March 1, 2011, respondent issued to petitioner a notice of Federal tax lien filing and your right to a hearing under section 6320 (notice of tax lien) with respect to his unpaid 2005 liability.

Petitioner timely filed with respondent Form 12153, Request for a Collection Due Process or Equivalent Hearing (petitioner's Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office).  In that form,

**[*4]** petitioner indicated his disagreement with the notice of tax lien[3] and claimed that he was unable to pay his 2005 unpaid liability. Petitioner requested in petitioner's Form 12153 that respondent withdraw the lien because "I am about homeless. My income don't meet my bills. I was divorced and my ex Deborah thru away everything." In petitioner's Form 12153, petitioner also claimed "Innocent Spouse Relief", stating: "I am not liable. My ex wife handled all the taxes and failed to do so. My bills exceed my income! I am poor to the point of needing food assistance from the State of Michigan." In petitioner's Form 12153, petitioner did not request as a collection alternative an installment agreement or an offer-in-compromise.

By letter dated September 30, 2011 (September 30, 2011 letter), a settlement officer with the Appeals Office (settlement officer) who was assigned petitioner's Form 12153 acknowledged receipt of that form. That letter stated in pertinent part:

---

[3]In petitioner's Form 12153, petitioner indicated his disagreement with not only the notice of tax lien that respondent issued to petitioner but also a "Proposed Levy or Actual Levy". As discussed below, the notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination) with respect to petitioner's taxable year 2005 addresses only the notice of tax lien and makes no determination with respect to any such "Proposed Levy or Actual Levy".

[*5] Appeals received your request for a Collection Due Process (CDP) Hearing.  I have scheduled a telephone conference call for you on November 3, 2011 at 1:00 PM Pacific Time.  This call will be your primary opportunity to discuss with me the reasons you disagree with the collection action and/or to discuss alternatives to the collection action.

I will call you at * *  *, the number you indicated on your CDP request.

If this time is not convenient for you, the phone number has changed, or you would prefer your **conference to be held by face-to face** (request must be in writing) at the Appeals office closest to your current residence, the school you attend or your place of employment or if you are a business, your business address, or by correspondence, please let me know by **October 17, 2011**. I will discuss with you if there are any offices that may be more convenient for you (e.g., Appeals office nearest place of employment or school) when you contact me.  **In order to meet the requirements for a face-to-face conference, you must be in full compliance of all required tax returns, estimated tax payments/federal tax deposits and submit financial information**. You must complete the Form 433-A (**With the required attachments**.

* * * this hearing relates only to the filing of a notice of tax lien.

During the hearing, I must consider:

- Whether the IRS met all the requirements of any applicable law or administrative procedure

- Any nonfrivolous issues you wish to discuss. These can include:

    1. Collection alternatives to levy such as full payment of the liability, installment agreement, offer in compromise

2.     **[*6]** or temporary suspension of collection action if the action imposes a hardship condition.  Although they may not be considered an "alternative" to a notice of lien filing, these collection options may also be discussed at a lien hearing.

3.     Challenges to the appropriateness of collection action.  If this is a lien hearing, you may ask us to determine if the notice of lien filing was appropriate and if you qualify for a lien withdrawal or other lien options, such as subordination.

4.     Spousal defenses, when applicable.

- We may also consider whether you owe the amount due, but **only if** you have not otherwise had an opportunity to dispute it with Appeals or did not receive a statutory notice of deficiency.

- We will balance the IRS' need for efficient tax collection and your legitimate concern that the collection action be no more intrusive than necessary.

\*          \*          \*          \*          \*          \*          \*

Lien Withdrawal

We considered whether any of the criteria for allowing withdrawal of the NFTL existed in your case.  IRC § 6323(j) allows the withdrawal of a filed notice of lien without full payment and without prejudice under the following conditions:

- The filing of the notice of lien was premature or otherwise not in accordance with administrative procedures of the Internal Revenue Service;
- The taxpayer had entered into an installment agreement under IRC § 6159 to satisfy the tax liability for which the lien was

**[*7]** imposed by means of installment payments, unless such agreement provides otherwise;

- Withdrawal of the lien will facilitate collection of the tax liability;
- With the consent of the taxpayer or the National Taxpayer Advocate (NTA), the withdrawal of such notice would be in the best interest of the taxpayer (determined by the NTA or the taxpayer) and the United States.

There is nothing in the Collection administrative file that indicates withdrawal of the filed lien should be considered and you have provided no additional information that indicates the withdrawal of the filed lien should be considered.

For Appeals to consider alternative collection methods such as an installment agreement or offer in compromise, you must provide any items listed below. In addition, you must have filed all federal tax returns required to be filed.

- **A completed Collection Information Statement (Form 433-A for individuals and/or Form 433-B for businesses.) ** (With the required attachments.) ****

- **You are required to include proof/receipts of all current income and expenses that you paid for the past 3 months, including utilities, rent, insurance, property taxes, etc. in order to substantiate your expenses.** (Please refer to the attachments required in Section 4 (page 4) on Form 433-A.)

- **You are required to include proof/receipts of all current income and expenses that you paid for the past 3 months, including Banks and investments, assets, utilities, rent, insurance, property taxes, etc. in order to substantiate your expenses.** (Please refer to the attachments required in Section 5 (page 6) on Form433

- **[*8]** Proof of all non-business transportation expenses ( e.g., car payments, lease payments, fuel, oil insurance, parking, registration).
- Proof of payments for health care, including health insurance premiums, copayments, and other out-of- pocket expenses.
- List of all real estate in which you hold an interest, including but not limited to: the fair market value, mortgage information and current balance due.
- Copies of any court order requiring payment and proof of such payments (e.g., cancelled checks, money orders, earning statements showing such deduction) for the past three months.
- Proof of payments for life insurance and verification of the current loan value (if any).
- List of all other assets you own, including their fair market value and verification of any encumbrances.
- Copy of statements from all accounts (checking, savings, money market, IRA,401(K), etc. for the most recent three months period.
- Copies of the last three months of your earning statement(s) from your employer(s), which will reflect your gross monthly wages and your annual income and withholdings.  If you are self-**employed please provide a current income/expense statement and the most recent six months worth (concurrently) of bank statements.**
- Proof that you are current with your estimated tax payments (if required).
- Proof of Public Assistance such as Welfare, Food Stamps, Medical, Unemployment Benefits, disability Benefits (if applicable)
- **Proof of estimated tax payments for the period(s) listed below:**
  **2011**

- **Or proof of correcting the amount of Federal withholding, corrected W-4 for the period(s) listed below:**
  **2011**

- **[\*9]** Signed tax return(s) for the following tax periods. Our records indicate they have not been filed:
  Type of Tax: <u>Income Tax</u>
  Period or Periods: <u>2004, 2006, 2007, 2008, 2009 and</u>  <u>2010</u>

If you did not file a return because your yearly income was below the amount for which a return is required to be filed, please let me know.

Please send me the items **requested** above by October 17, 2011.  I cannot consider collection alternatives at your conference **without this information**.  I am enclosing the applicable forms and a return envelope for your convenience.

\*        \*        \*        \*        \*        \*        \*

If you do not participate in the conference or respond to this letter, the determination letter that we issue will be based on your CDP request, any information you previously provided to this office about the applicable tax periods, and the Service's administrative file and records.

On November 3, 2011, the settlement officer held a telephonic hearing (November 3, 2011 hearing) with petitioner.  As of the time of that hearing petitioner had not provided to the settlement officer any of the documents and information that the settlement officer requested in the September 30, 2011 letter.  Nor had petitioner filed as of that time a tax return for any of his taxable years 2004 and 2006 through 2010.[4]

---

[4]See <u>supra</u> note 2.

[*10] During the November 3, 2011 hearing, petitioner informed the settlement officer that he did not understand why he owed any tax for his taxable year 2005. He also claimed during that hearing that his former spouse, who had died, had all the paperwork relating to his taxable year 2005 and subsequent taxable years and that requiring him to pay his 2005 unpaid liability would create a hardship for him. During the November 3, 2011 hearing, the settlement officer told petitioner that, because he had received the 2005 notice of deficiency, he did not have the right to contest his 2005 unpaid liability. However, the settlement officer informed petitioner at the November 3, 2011 hearing about respondent's audit reconsideration process, referred him to Internal Revenue Service (IRS) Publication 3598 containing instructions for that process, gave him IRS transcripts of his account that would be useful to him in preparing and filing delinquent tax returns and seeking audit reconsideration, and advised him to provide the IRS with the various documents and information, including filing all of his delinquent tax returns, that the settlement officer had requested in the September 30, 2011 letter. The settlement officer told petitioner at the November 3, 2011 hearing that if he did not provide those documents and information to the IRS, the IRS would not consider his request to have the lien withdrawn or his 2005 unpaid liability placed in so-called currently not collectible status. Finally, the settlement officer advised

**[\*11]** petitioner at that hearing that the lien would be sustained. Petitioner told the

settlement officer that he understood what the settlement officer had explained to

him.

On December 13, 2011, the Appeals Office issued to petitioner the notice of

determination with respect to his taxable year 2005. That notice stated in pertinent

part:

> ### Summary of Determination
>
> We have found that all legal and administrative requirements for the
> action taken have been met. We have also considered whether the
> collection action taken or proposed balances the need for the efficient
> collection of the taxes with the legitimate concern of the taxpayer that
> any collection action be no more intrusive than necessary. At this time,
> grounds for a withdrawal of the lien have not been established. The
> case will be returned to the Automated Collection System (ACS) for
> the appropriate actions

The notice of determination included an attachment that stated in pertinent

part:

> ### SUMMARY AND RECOMMENDATION
>
> You filed a request for a Collection Due Process (CDP) hearing under
> Internal Revenue Code (IRC) § 6320 following receipt of a Letter 3172
> Notice of Federal Tax Lien Filing and Your Rights to a Hearing. A
> copy of the Notice of Federal Tax Lien (NFTL) and Letter 3172 were
> provided with the administrative file. Accordingly, the tax period
> shown above was on the NFTL sent for filing on March 1, 2011. A
> balance is still due as verified by computer transcripts. Your Form
> 12153 requesting a CDP hearing was received on April 7, 2011.

**[\*12]** This was timely submitted as it was made within the 30-day period for requesting a CDP hearing.

## BRIEF BACKGROUND

You have requested a Collection Due Process (CDP) Hearing under Internal Revenue Code (IRC) § 6320 as to the appropriateness of the Notice of Federal Tax Lien (NFTL) for the periods listed above.

The NFTL is the appropriate action in this case and will not be withdrawn, for the reasons discussed below.

The CDP notice was for unpaid income tax for your 2005 Form 1040 income tax liability. A review of computer transcripts indicates you were issued a Statutory Notice of Deficiency (SNOD) regarding the tax year in question.

On September 30, 2011, we sent you a contact letter scheduling your CDP telephone hearing for November 3, 2011 at 9:00 am Pacific Time.[5] In that letter, we offered you a face-to-face conference or written correspondence hearing as an alternative to the scheduled telephone hearing; however, you did not contact us to indicate your preference. Appeals requested you provide the following: Form 433-A with supporting documentation for the past 3 months; proof of current income and expenses you paid; file your 2004, 2005, 2006, 2007, 2008, 2009 and 2010 tax returns by October 17, 2011.

On November 3, 2011, we held a telephone hearing with you. You and the assigned Settlement Officer were the only two people on the telephone during the hearing

---

[5]The settlement officer's September 30, 2011 letter indicated that the time of the telephonic hearing on November 3, 2011, was "1:00 PM Pacific Time." The record does not explain the discrepancy between the stated time of that hearing in that letter and the stated time of that hearing in the attachment to the notice of determination.

**[*13]**                    <u>**DISCUSSION AND ANALYSIS**</u>

During the hearing, you explained your ex-spouse always took care of the tax matters. You stated you sold your home and your ex-spouse was to file the necessary information with the Internal Revenue Service. We inquired on whether you received the SNOD; you stated yes.

We explained that the CDP provisions do not allow consideration of liability if you previously had the opportunity to dispute the liability. Since you previously had an opportunity to dispute the balance owed, you cannot raise the issue during your hearing.

We explained that the Service has Audit Reconsideration procedures, which do provide for an appeal if a taxpayer's position is not accepted. Enclosed you will find the Publication 3598 containing instructions for Audit Reconsideration Process. You stated that you did not have any of the proper paper work in order to file your return. We have enclosed income transcripts for you in order to help you file your returns.

Once you file your delinquent's returns with the service, you need to contact the compliance division at 1-800-829-3903.

We explained currently not collectable (CNC). We advised you review of your financial situation was needed before we could recommend your account to be place[d] in CNC.

A taxpayer alleging that collection of a tax liability would create undue hardship must submit complete and current financial data in order for us to evaluate your qualification for collection alternative or other relief.

Although you responded to the CDP hearing, you did not provide the information requested in order to explore collection alternatives, other than full payment. The lien is sustained.

**[*14]** **Verification of legal and procedural requirements:**

Appeals has obtained verification from the IRS office collecting the tax that the requirements of any applicable law, regulation or administrative procedure with respect to the proposed levy or NFTL filing have been met. Computer records indicate that the notice and demand, notice of intent to levy and/or notice of federal tax lien filing, and notice of a right to a Collection Due Process hearing were issued.

Assessment was properly made per IRC § 6201 for each tax and period listed on the CDP notice.

The notice and demand for payment letter was mailed to the taxpayer's last known address, within 60 days of the assessment, as required by IRC § 6303.

There was a balance due when the CDP levy notice was issued or when the NFTL filing was requested.

**Lien Withdrawal**

We considered whether any of the criteria for allowing withdrawal of the NFTL existed in your case. IRC § 6323(j) allows the withdrawal of a filed notice of lien without full payment and without prejudice under the following conditions:

- The filing of the notice of lien was premature or otherwise not in accordance with administrative procedures of the Internal Revenue Service;
- The taxpayer had entered into an installment agreement under IRC § 6159 to satisfy the tax liability for which the lien was imposed by means of installment payments, unless such agreement provides otherwise;
- Withdrawal of the lien will facilitate collection of the tax liability;
- With the consent of the taxpayer or the National Taxpayer Advocate (NTA), the withdrawal of such notice would be

**[\*15]** in the best interest of the taxpayer (determined by the NTA or the taxpayer) and the United States.

There is nothing in the Collection administrative file that indicates withdrawal of the filed lien should be considered and you have provided no additional information that indicates the withdrawal of the filed lien should be considered.

**Prior involvement:**

The Settlement Officer had no prior involvement with respect to the specific tax periods either in Appeals or Compliance.

**Collection statute verification:**

The collection statute has been suspended; the collection period allowed by statute to collect these taxes has been suspended by the appropriate computer codes for the tax periods at issue.

Collection followed all legal and  procedural requirements and the actions taken or proposed were appropriate under the circumstances.

**Issues raised by the taxpayer**

On your CDP request, you marked the box cannot pay balance due. You explained that your homeless and your income does not meet your bills, You explained you are divorced and you ex-spouse handled all the taxes and failed to do so.

Although you responded to the CDP hearing, you did not provide the information requested in order to explore collection alternatives, other than full payment.  As such, the lien is sustained.

**Collection Alternatives Offered by Taxpayer**

You offered no alternatives to collection.

**[\*16]** <u>**Challenges to the Existence of Amount of Liability**</u>

You explained that you thought your ex-spouse had filed your returns for you.  You stated your ex-spouse threw out all the necessary documentation in order for you to file your returns.

We explained that the Service has Audit Reconsideration procedures, which do provide for an appeal if a taxpayer's position is not accepted.  Enclosed is the Publication 3598 containing instructions for Audit Reconsideration Process.

**You raised no other issues:**

**<u>Balancing of need for efficient collection with taxpayer concern that the collection action be no more intrusive than necessary.</u>**

We balanced the competing interests in finding the lien appropriate.  You did not offer any collection alternatives during the CDP hearing process.  Since there was no financial statement received, consideration of any collection alternative is not possible.  Therefore, our determination is that the lien balances the need for efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary

In the petition that petitioner filed commencing this case, he alleged:

I WAS UNABLE TO GATHER THE INFORMATION NESSESARY [sic] TO COMPLETE MY 2005 TAXES IN A TIMELY FASHION DUE TO A DIVORCE AND THE DEATH OF MY EX WIFE.  THE IRS BASED THE AMOUNT OWED ON THE SALE OF A PROPERTY, BEFORE DEDUCTING THE PURCHASE PRICE AND MY EXPENSES.

      \*       \*       \*       \*       \*       \*       \*

[*17]     I NOW HAVE MOST, IF NOT ALL OF THE
          PAPERWORK NESSESARY TO COMPLETE TAX
          RETURNS FOR 2005 2006 2007 2008 2009 2010 2011
          WHEN YOU WOULD NEED IT.

## Discussion

The Court may grant summary judgment where there is no genuine dispute of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). We conclude that there is no genuine dispute as to any material fact regarding the questions raised in respondent's motion.[6]

Petitioner did not file a petition with the Court with respect to the 2005 notice of deficiency that he received. Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of Internal Revenue for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in making the determinations in the notice of determination with respect to petitioner's taxable year 2005.

--------

[6]Although we ordered petitioner to file a response to respondent's motion, he failed to do so.

**[*18]** We have considered all of the parties' contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

<u>An order granting respondent's motion and decision for respondent will be entered</u>.